OPINION
On April 18, 2000, the appellant, Robert J. Meyers, was charged with speeding, to-wit: 82 mph in a 65 mph speed zone. Meyers made extensive requests for pretrial discovery, most of which were overruled prior to trial. After a bench trial consisting of the testimony of the police officer issuing the citation, Trooper Ward, the trial court entered a finding of guilty and assessed a fine of $100 and court costs.
The State has not filed a brief with this court.
On appeal, Meyers advances three assignments of error, the first of which is as follows:
 1. THE MUNICIPAL COURT ERRED IN ADMITTING AND BASING A CONVICTION ON EVIDENCE OF A LASER SPEED MEASURING DEVICE WHERE NO FOUNDATION EVIDENCE ESTABLISHING THAT SAID DEVICE OPERATED ON THE BASIS OF SOUND, RELIABLE SCIENTIFIC PRINCIPLES WAS RECEIVED AND THE MUNICIPAL COURT CONCEDED THAT IT HAD NEVER RECEIVED SUCH EVIDENCE OR TAKEN JUDICIAL NOTICE OF THE RELIABILITY OF SUCH LASER SPEED MEASURING DEVICES IN ANY PRIOR CASE.
 This assignment of error accurately reflects the state of the record as it relates to the lack of foundational evidence for admitting the result obtained by the laser speed measuring device. We sustain this assignment of error on the authority of State v. Saphire (Dec. 8, 2000), Greene App. No. 2000 CA 39 wherein we addressed the identical issue. See pages 5 through 8.
 3. THE MUNICIPAL COURT ERRED IN ADMITTING OHIO HIGHWAY PATROL TROOPER WARD'S TESTIMONY THAT BASED ON OBSERVATION, HE BELIEVED DEFENDANT WAS OPERATING HIS VEHICLE IN EXCESS OF THE POSTED SPEED LIMIT OF 65 MPH, WHERE THE OFFICER COULD NOT ESTIMATE THE SPEED, FAILED TO PROVIDE ANY FOUNDATION FOR THE OPINION, SUCH AS THE TIME OF OBSERVATION OR DISTANCE TRAVELED DURING THE OBSERVATION ON WHICH HE BASED HIS OPINION, AND WHERE THE TROOPER LATER TESTIFIED THAT IN HIS OPINION, BASED ON THE SAME OBSERVATION, DEFENDANT WAS NOT DRIVING IN A MANNER UNSAFE FOR CONDITIONS.
 Again, this assignment of error accurately captures the essence of Trooper Ward's testimony. We again sustain this assignment of error on the authority of State v. Saphire, supra, pages 10 — 11. While we find no error in the trial court's admitting Trooper Ward's opinion that Meyers was operating in excess of the speed limit, we do conclude that that testimony, without more, was wholly inadequate to support a finding of guilty of driving 82 mph in a 65 mph speed zone.
 2. THE MUNICIPAL COURT ERRED TO DEFENDANT'S PREJUDICE IN DENYING CERTAIN RELEVANT DISCOVERY REQUESTS THAT COULD HAVE BEEN USED TO IMPEACH THE CREDIBILITY OF THE OFFICER AND THE RELIABILITY OF THE SPEED MEASURING DEVICE EMPLOYED AS THE BASIS FOR THE TRAFFIC STOP AND CITATION GIVEN TO DEFENDANT.
 In view of our disposition of the first and third assignments of error, this assignment of error is overruled as moot.
The judgment of conviction will be reversed, and the defendant will be discharged.
GRADY, P.J. concurs.